UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JON DUKE DEPRIEST,
    Plaintiff,

vs.                              Case No.:  4:20cv17/AW/EMT

MARK S. INCH, et al.,
    Defendants.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff Jon Duke DePriest, commenced this action on January 7, 2020, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  At that time, Mr. DePriest was an inmate of the Florida Department of Corrections (FDOC), proceeding pro se and in forma pauperis.  Mr. DePriest sued FDOC Secretary Inch, former FDOC Secretary Jones, Corizon LLC, Centurion LLC, Dr. Scott Kennedy, and Dr. Carl Maier, claiming that they violated his rights under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act by failing to treat his liver disease (*see* ECF No. 1).

On September 30, 2020, counsel for Defendants Inch and Jones filed a Suggestion of Death of Jon Duke DePriest, confirming that Mr. DePriest is deceased (ECF No. 58).  Defendants served a copy of the Suggestion of Death upon all of Mr. DePriest's next of kin at their last known addresses according to the FDOC's records

(*see id.*).  Those persons included two of Mr. DePriest's brothers, his sister, and his nephew (*see id.*).

On October 2, 2020, the undersigned issued an order giving Mr. DePriest's successor or personal representative ninety days from September 30, 2020, to file a motion for substitution, pursuant to Fed. R. Civ. P. 25(a) (*see* ECF No. 59).  The order directed the clerk of court to send a copy of the order to the four persons identified by the FDOC as Mr. DePriest's next of kin (*id.*).  The order also expressly stated that the failure to file a motion for substitution by the deadline would result in dismissal of this case (*id.*).  The ninety-day deadline has now passed, and no one has filed a motion for substitution.

Rule 25 provides:

**(a) Death.**

> **(1)** *Substitution if the Claim Is Not Extinguished.*  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.**
> . . . .
> **(3)** *Service*.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be

Case No.:  4:20cv17/AW/EMT

served in the same manner.  Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1), (3 (emphasis added).

As previously noted, ninety days have passed since service of the statement noting Plaintiff DePriest's death, and no motion for substitution has been made. Therefore, this action must be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED with prejudice**, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

At Pensacola, Florida, this 4<u>th</u> day of January 2021.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  4:20cv17/AW/EMT